Desmond, J.
We affirm in all respects the order appealed from which settles the account of respondent Guaranty Trust Company as trustee of an inter vivos trust created in 1929 by Jean Ferris d’Espinay who died in 1941. Of the numerous issues tendered by the parties we think it necessary to state our views as to one only.
By a codicil to her will Mrs. d’Espinay, exercising a power of appointment which she had reserved to herself in the 1929 trust indenture, appointed to her husband a $25,000 annuity chargeable upon the trust fund. Because of protracted and *76 complicated litigation concerning the trust and concerning the will and codicil of Mrs. d’Espinay, the husband’s annuity has not been paid except that $100,000 on account thereof has been advanced to the annuitant from the trust without prejudice to ultimate rights. The Appellate Division in the order now being reviewed here has (this is the second of two appeals to the court in the case) affirmed the Eeferee and the Special Term by directing that there be paid to the husband-annuitant in satisfaction of the annuity, the commuted principal value thereof as of the date of his wife’s death, of $347,025 (less estate tax of $94,449.27 apportioned against the annuity) plus interest at 6% from that same date. The annuitant says that this result is “ savagely inequitable ” and an unconstitutional diminution of what he asserts is his vested right to the past due installments of $25,000 per year plus interest thereon and plus the commuted value as of the date of actual payment of the annuity.
On the first of the two appeals to the Appellate Division in this proceeding, that court held that on a proper showing of reasons therefor it would be licit to pay to the annuitant not the actual successive installments during his life but, instead, the computed capital value of the annuity. “ As annuitant,” wrote the Appellate Division, “ d’Espinay does not have any right to elect to take his annuity in a capital sum; but on disclosure of all relevant facts and figures, if the court then deems it advisable for the interests of the children, primary object of the settlor’s bounty, the court may compute and determine the commuted value of the annuity in the hands of the trustee, pay over such capital sum to the annuitant less estate taxes apportioned thereon and after paying the outright appointees, estate taxes and all expenses thereon, distribute the balance discharged of any lien, to the remaindermen or the guardians of .their property appointed to receive the same ” (276 App. Div. 990, 992). We affirmed (302 N. Y. 752) the earlier Appellate Division order which stated that holding that commutation might be permitted. Accordingly, by our affirmance of that earlier Appellate Division order, it has already been held by this court that the commutation of this particular annuity is within the discretionary power of the courts. And, even if that question of power were still open here, we would have to hold on the precedents that the power to commute exists as to this annuity (see Buchanan v. Little, 154 N. Y. 147, 152; People’s Trust Co. v. Flynn, 188 N. Y. 385, 393).
*77 When the case went back to the Referee after that earlier appeal to the Appellate Division, the Referee determined on the proof presented that there should be commutation in the interests of the children as remaindermen. He thereupon ordered that commutation be had as of the date of the determination of the first appeal in this court. Thereafter, the Appellate Division affirmed the Referee’s direction that there be commutation but held that the principal value of the annuity should be computed not as of the date chosen by the Referee but as of the date of death of Mrs. d’Espinay. Translated into figures that holding of the Appellate Division on the second appeal means that the husband is to be paid about $250,000 (net after estate tax) as the principal value of his annuity in conformity to the mortality tables as of the date of his wife’s death, plus interest at 6% thereon from the date of her death until paid, or about $15,000 per year interest, or about $500,000 “ actual ” total as of now.
‘ ‘ An annuity is a stated sum per annum, payable annually unless otherwise directed” (Booth v. Ammerman, 4 Bradf. 129, 133). The gift of such an annuity is equivalent to a legacy of the principal value of the annuity (Matter of Cole, 219 N. Y. 435). Ordinarily such an annuity runs from the date of the testator’s death and the first annual payment is due, ordinarily, at the end of 12 months from the date of death and annually thereafter (Kearney v. Cruikshank, 117 N. Y. 95). It follows that if there is to be commutation the appropriate if not the only date for figuring the capital value is the date of the death of the testator since the will which gives the annuity speaks as of that date. The commuting power of the courts is to be exercised when the particular facts of the particular situation justify it. Investigation and determination of such facts necessarily take time, short or long. Here, unfortunately, that necessary time ran 15 years. But the right to commute and the date for commutation was not altered by that delay. The law has recompensed this annuitant for the delay, as it recompenses other litigants in other situations, by allowing him interest at the full legal rate. No legal objection to the validity of commuting as of the date of the donor’s death can be based on the fact that the annuitant, by the order here appealed from, gets a lesser total sum than if he were to be paid the $25,000 annual installments from the date of his wife’s *78 death until now, plus commutation now as of the present date or some other date long subsequent to the wife’s death. Computation of the principal value of an annuity as of the date of a testator’s death states a figure which must always be greater or less than the sum which the annuitant would in fact receive as the total of uncommuted annual payments between the date of the testator’s death and the annuitant’s own death. But invalidity of a commutation would not be proven at a future day by the eventual fact that the annuitant had lived a long time and so would have gotten more than the commuted value. Had this commuted value been computed and paid shortly after Mrs. d’Espinay’s death and if her husband had then survived her by only a few months, the shoe would have been on the other foot and the principal amount paid to the husband would have been far larger than the actual annuity payments would have been for the short period after the wife’s death. The commutation here was 1 ‘ retroactive ’ ’ in the sense only that intervening litigation postponed, but did not change as to amount, the payment of the commuted principal sum.
The order appealed from should be affirmed, without costs.