John D. Bennett, J.
In this accounting proceeding the guardian ad litem interposes objections to the corporate fiduciary’s practice of investing funds of the estate in certificates of deposit issued by the corporate fiduciary.
The law is clear that a fiduciary may not purchase securities from itself but section 100-b of the Banking Law does authorize the deposit of estate funds waiting an investment or distribution to be held on deposit by such trust company in its own name subject to the interest provisions set forth in subdivision 4 of said section. An amendment to that section defines saving deposits to include time deposits and it is *751 evident that the Legislature intended that corporate fiduciaries be permitted to invest estate funds in certificate of deposit of their own bank thereby gaining a greater interest rate on behalf of the estate. Accordingly the objections of the guardian ad litem are dismissed. The court wishes to make it clear that this is an executor’s account and not a trustee’s account. The court is not passing on the propriety of a trustee retaining trust funds in certificates of deposit which may possibly be in contravention of EPTL 11-2.1 which provides that a trustee is to administer the assets of an estate with due regard to the respective interests of income beneficiaries and remainder-men.