OPINION OF THE COURT
Millard L. Midonick, S.
There is a proceeding before the court for the final judicial settlement of the trustee’s account from July 26, 1950, the last day of the prior account, to July 26, 1976, the date of termination of the trust. A proceeding for the payment of a claim for moneys since the inception of the trust by an income beneficiary (entitled to one sixth of the income) and remainderman, who has also objected to the account for the same reasons *157 underlying the claim, has been consolidated in the accounting proceeding. In a prior decision of this court (Matter of Skrainka, NYLJ, July 6, 1977, p 11, col 3), the objecting income beneficiary was directed to submit a concise statement of his claim, and a further statement has now been filed as have answering papers. The trustee has now moved for summary judgment dismissing the claim and objection.
As was stated in this court’s prior decision, the basic issue in dispute is whether the trustee, which is a bank organized under the laws of the State of New York, has breached its fiduciary duty by failing to make quarterly payments of income as specified by the will and whether such failure of payment caused actual loss to the trust beneficiaries. The objectant also claims loss of interest for the period the trustee held the undistributed income and claims the sum of $40,000 as punitive damages for the alleged breach of fiduciary duty. The trustee claims that the distribution of income completely satisfied the terms of the will and was proper in all respects.
The facts set forth in the claim and objectant’s petition, on a motion to dismiss, are not in dispute and can be summarized as follows. The decedent’s will directs the quarterly payments of the net income of the trust. The trustee did not distribute all of the income each year. Instead, at the end of some years, the trustee held a balance in this income account of the trust which was held uninvested but was distributed to the beneficiaries in the subsequent year. It is undisputed that the trustee made payments of specified equal amounts of income, quarter-annually, on the dates specified in the decedent’s will. The account reflects that a fifth payment of income was made on June 30 of the subsequent year when the trustee was able to compute the charges against income. The objectant contends that the trustee did not distribute sufficient income on each quarterly date. The objectant alleges that interest is owed on the amounts of undistributed income held in the trust from the end of one year to June 30 of the subsequent year, and computes the amount of interest on the entire income for the 26 years of the account to the amount of $6,350 (approximately $245 per year for this trust having a value of $500,000). The account also reflects that at times the trustee overpaid the income account creating a deficit therein in order to achieve even distribution of income.
The trustee, a State bank, is authorized to retain undistributed income on deposit in its own institution. (Banking *158 Law, § 100-b, subd 1; Matter of Ferris, 286 App Div 794, affd 3 NY2d 70, mod on other grounds 3 NY2d 879, cert den 355 US 891; Matter of Schell, 89 Misc 2d 750.) Furthermore, subdivision 4 of section 100-b of the Banking Law provides that interest is not required to be paid on demand deposits except on sums in excess of $1,000 held as "principal” by a trust company acting as trustee, with certain exceptions which do not apply to this case. (Cf. Bogert, Trusts & Trustees [2d ed], § 598; 2 Scott, Trusts [3d ed], § 180.)
Pursuant to the provisions of the decedent’s will, specifically article seventh thereof, which authorized the trustee to charge certain expenses to income, and the case law, the trustee properly withheld a reasonable amount of the income at the end of each year to meet present or anticipated expenses chargeable to income. (Matter of Ridge v Felt, 184 Misc 11; cf. Matter of James, 6 Misc 2d 849; Restatement, Trusts 2d, § 182.) Moreover, the trustee has been retaining a part of income during the entire administration of the trust which extends more than 30 years, and no beneficiary has complained about this action nor did anyone demand a larger payment. (Cf. Herzog v Title Guar. & Trust Co., 148 App Div 234, mod on other grounds, but expressly affg this holding 210 NY 531, 532.) In addition, the amounts withheld at the end of each year were not of great size, and it clearly was not unreasonable for the trustee to retain such amounts for six months which is a reasonable period for retention. (Cf. Herzog v Title Guar. & Trust Co., supra, where a trustee retained parts of the income for a long period of years and the court refused to impose a surcharge for such retention.)
For the reasons set forth above, the motion to dismiss the petition and objection is granted in all respects. Submit order on notice. All other issues before the court relating to attorneys’ fees and the compensation of the guardian ad litem shall be determined upon the settlement of the decree on accounting.