OPINION OF THE COURT
Millard L. Midonick, J.
This is a request for advice and instructions brought by the trustee, United States Trust Company, which seeks authorization to liquidate Fales Estate, Inc., shares of which are held by the seven trusts under the decedent’s will. There is one trust for each of the presently living grandchildren of the said Haliburton Fales, Sr., and their respective issue. The income of each trust is paid to the respective grandchild and, on the death of each grandchild, the trust for his or her benefit will terminate and the corpus thereof will be distributed to the income beneficiary’s issue per stirpes. At this time the trusts hold, in the aggregate, 63.4% of the outstanding common stock of Fales Estate, Inc., and 65% of the outstanding debentures of that corporation.
Fales Estate, Inc., was established pursuant to the provisions of the will, in order to take title to two parcels of real estate holdings of the estate. Presently, the assets of *420 the corporation consist solely of marketable securities. There is no market, however, for the common stock or debentures of the corporation itself.
The seven grandchildren, each of whom is an income beneficiary of one of the trusts, range in age from age 50 to the late 60’s; all but one of the income beneficiaries is over 60 years of age. Although the petitioner, as trustee of all seven trusts, presently holds in the aggregate voting control of the corporation, upon the death of only two of the seven grandchildren and the concomitant termination of two trusts, the petitioner will no longer retain such control. It is only through holding such voting control that the trustee is assured of being able to direct the investment policies of the corporation and, thus, indirectly of the respective seven trusts.
The trustee is not presented herein with the classic problem of balancing the interests of one or more income beneficiaries against the interests of one or more remaindermen of the same trust. Instead, there are seven income beneficiaries, each of whom has vastly different needs and expectations (by way of example, one is a merchant seaman, one a Wall Street lawyer and another a professor) and seven groups of remaindermen. At the present time, there are 20 presumptive contingent remaindermen in six of the seven family branches.
Normally a trustee can, within the broad standard of the prudent man of discretion and intelligence, tailor the investment policies to the needs of an individual family unit. However, in this instance that is not possible since the assets of each trust consist solely of an individual portion of common stock and debentures of the corporation, which was formed pursuant to the directions in the will. The will further provided express authority for liquidation of the corporation by the trustee.
All of the adult competent beneficiaries, both of life interest and of remainder, concur in the petitioning trustee’s request to liquidate Fales" Estate, Inc., so that each of the seven trusts can be dealt with separately in order to accommodate the different needs of the life beneficiaries as well as the remaindermen of each. Thus, the conflict here which *421 was created by the will seems to be among the beneficiaries rather than a self-dealing problem of the trustee itself. (Cf. Matter of Scarborough Prop. Corp., 25 NY2d 553; Matter of Rothko, 84 Misc 2d 830, affd in part and mod in part 56 AD2d 499, affd 43 NY2d 305.)
While all of the adult income beneficiaries and remainder-men, as well as the individual shareholders of the corporation stock, have concurred in the application made by the trustee for liquidation of the corporation and separation of the seven trusts, the guardian ad litem for two wards under a disability has objected to the proposal on the ground that the dissolution of the corporation will result in a premature payment of a substantial capital gains tax at the rate of 28%, which will be payable out of the corpus of the trusts. Including the trust holding of stock, 100% of the shareholders are in favor of this dissolution. The trustee believes that the ultimate benefits of a liquidation to all the beneficiaries of the trust outweigh the diminution in value of the corpus of each trust by reason of the tax to be incurred. However, the trustee recognizes that the benefits liquidation to the current income beneficiaries may be more apparent than the benefits to the remaindermen, and hence seeks guidance and direction of this court.
This is an unusual type> of conflict facing the trustee. This court will usually abstain from giving business judgments to fiduciaries in advance of their actions in unusual circumstances (cf. Matter of Ebbets, 139 Misc 250). Compare Matter of Colp (NYLJ, Jan. 20, 1976, p 8, col 2) in which this court would not interfere with the fiduciary’s exercise of discretion nor impose its judgment in a situation where one of the executors, who was also a beneficiary and party in interest, and who would benefit from one tax date selection as opposed to another, requested the court’s guidance. I held in Colp that the fiduciary must exercise a high degree of prudence in making the tax decision but in my discretion chose not to make the decision for the fiduciary.
The instant case would seem to present the kind of conflict where an exception should be made for the protection of the trustee, the beneficiaries and the guardian ad litem. Indeed, upon reflection and in light of the facts of this *422 matter at bar and the commentaries that have discussed my Colp decision (supra) I now believe that this court should provide guidance and direction to fiduciaries presented with Co ip-type tax election decisions and other determinations involving tax consequences. It may well be, for example, that fiduciaries should minimize taxes for their estates whether or not their choice benefits themselves, and that the beneficiaries or this court ought to strike a compromise for the equitable purpose of sharing the gains and losses which shelter the estate as a whole. (Cf. Matter of Warms, 140 NYS2d 169; EPTL 11-1.2.)
After due deliberation, having heard informal arguments, and having considered the petition and the report of the guardian ad litem as well as the entire record herein, it is the view of this court that the balance of equities of liquidation weigh in favor of the trustee’s position.
It seems to the court that the limiting or eliminating of the conflicts between the many beneficiaries, the freeing the trustee to follow the different needs of the beneficiaries, plus the possibility that tax rates may rise, and considering that the trustee’s freedom of action may be hampered as time goes on, outweigh any possible harm to any beneficiaries, including the remaindermen. Indeed, time and events may prove that all of the beneficiaries will benefit from the plan of the trustee and so the court believes. Circumstances have changed so radically since the commencement of this trust in 1930, especially in that two real estate parcels constituted the corpus at the beginning whereas now the corpus consists of stocks and bonds which, on liquidation, can be separated into seven parts and treated separately. Above all, it is quite apparent that the trustee has weighed the business considerations thoughtfully and thoroughly and so even without court authorization, would be protected against liability for effectuating this plan; this court’s authorization, however, protects the trustee even against a claim of liability.
The court, therefore, does approve and authorize the trustee to proceed with the plan as outlined in its petition, over the objections of the guardian ad litem.