OPINION OF THE COURT
Renee R. Roth, S.
In this construction proceeding, the court is requested to determine whether the estate of the income beneficiary of a QTIP trust may recover from the remaindermen of the trust the excess estate taxes attributable to the inclusion of the trust assets in the income beneficiary’s estate.
This right of recovery is given to the beneficiary’s estate by both Federal and State statutes, namely, Internal Revenue Code (26 USC) § 2207A and its New York counterpart, EPTL 2-1.12. Both statutes, however, provide that there shall be no right of recovery "if the decedent otherwise directs by will”. The issue in this case is whether the statute applies or whether the beneficiary’s will contains an "otherwise” direction for payment of taxes.
This is the first such case to reach a New York court since the Economic Recovery Tax Act of 1981 (ERTA) qualified QTIP trusts for the marital deduction. It illustrates the care that must be exercised in drafting tax exoneration clauses in the wills of persons who are income beneficiaries of QTIP trusts.
Before discussing the facts in this case, a brief summary of prior and present law will be useful. Before ERTA, a disposition of a terminable interest trust to the surviving spouse did not qualify for the marital deduction because under such a trust the surviving spouse did not have a general power to name the remaindermen (Internal Revenue Code § 2056 [b] [5]). The general practice, therefore, was to give the surviving spouse, in addition to the income, the power to appoint the remainder interest without restriction. Then came ERTA, which permitted a qualified terminable interest (QTIP) trust to qualify for the marital deduction (Internal Revenue Code § 2056 [b] [7]). Thus, a testator who gave his wife all the income of such a trust for her life could designate the persons who would receive the remainder on his wife’s death. Under ERTA, even though the wife’s interest terminated upon her death, such interest was nonetheless eligible for the marital deduction in the husband’s estate. ERTA provided that the husband’s executor could elect to qualify the QTIP trust, in *249 whole or in part, for the marital deduction, thus facilitating postmortem estate planning (Internal Revenue Code § 2056 [b] [7] [B] [v]).
Since the terminable interest received the martial deduction in the husband’s estate, it became includable in the wife’s estate on her death (Internal Revenue Code § 2044). The wife’s estate, however, could recover the estate tax attributable to the inclusion of the QTIP trust assets from the remaindermen of her trust, unless the wife provided in her will for payment of such excess tax from her estate (Internal Revenue Code § 2207A [a] [2]). As previously noted, the issue in this case is whether the surviving spouse made such a direction in her will.
Decedent Dorothy Gordon’s husband, George Gordon, died on August 25, 1984. His will, admitted to probate, created a residuary trust of approximately $1,800,000 for the life income benefit of Dorothy. Upon Mrs. Gordon’s death, the remainder of her trust was to be distributed in equal shares among his four sisters, two of whom are the executrices of his will and the trustees of Mrs. Gordon’s trust. All four sisters are respondents in this construction proceeding.
With respect to qualifying the residuary trust as a QTIP trust eligible for the marital deduction, Mr. Gordon provided in article third, paragraph (d) of his will as follows: "My Executrices are authorized to elect to treat all or a specific portion of this trust as qualified terminable interest property, as such term is defined in the Internal Revenue Code, in order to qualify for the marital deduction therein provided. My Executrices are to make such election to minimize the estate tax, if any, payable by my estate; however, they may also consider such tax as may be payable by my wife’s estate with a view toward serving the interests of the beneficiaries of my wife’s estate. My Executrices’ determination in regard to such election shall be binding and conclusive upon all persons and shall not be subject to review, judicial or otherwise.”
Under the applicable statutes, the election to treat the trust as a QTIP trust must be made before the Federal estate tax return is filed. Before the election was made, Mrs. Gordon died on March 8, 1985. Her will, executed a month earlier on February 6, 1985, left her residuary estate of approximately $600,000 to the Albert Einstein College of Medicine of Yeshiva University.
Mrs. Gordon, in article ninth of her will, provided with *250 respect to estate taxes as follows: "I direct that all Estate inheritance and death taxes (including any interest and penalties) imposed by any jurisdiction by reason of my death with respect to any property includable in my estate for the purpose of such taxes, whether such property passes under or outside my will be paid out of my Residuary Estate as an administration expense, without apportionment”.
To continue the chronology of events, the executrices of Mr. Gordon’s will filed their Federal estate tax return on May 16, 1985 and elected to qualify 80% ($1,114,290) of the residuary trust as a QTIP trust eligible for the marital deduction. This resulted in a zero Federal estate tax in Mr. Gordon’s estate.
If the above-quoted article ninth tax exoneration clause of Mrs. Gordon’s will is an "otherwise” direction, the estate tax in her estate will virtually wipe out Mrs. Gordon’s residuary disposition to the Albert Einstein College of Medicine. On the other hand, if it is not an "otherwise” direction, Mrs. Gordon’s estate must recover from the four remaindermen of her trust the taxes attributable to the QTIP trust assets.
With this background we turn to the question before the court — whether a direction in the will of the income beneficiary of a QTIP trust that all estate taxes "imposed * * * by reason of my death with respect to any property includable in my estate * * * [passing] under or outside my will be paid out of my Residuary Estate” constitutes an "otherwise” direction under the statutes.
Both petitioner and respondents mention EPTL 2-1.8 in their briefs. That statute directs that unless the will provides otherwise, estate taxes are to be paid by the recipients of property included in the gross taxable estate in the proportion that "the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited” (EPTL 2-1.8 [c] [1]).
The respondent remaindermen have also cited Matter of Cord (58 NY2d 539) in support of their contention. In that case, Charlotte Cord created an inter vivos trust for her life income benefit, with remainder to her children. The instrument contained a tax clause directing her trustees to pay upon her death any estate tax attributable to the inclusion of such trust assets in her estate. Mrs. Cord’s will, executed 40 years later, included a tax exoneration clause similar to the clause at issue in this case, which directed that all estate tax *251 upon property passing under or outside her will be paid out of her general estate as an expense of administration. Judge Fuchsberg, writing for a unanimous court, held that the tax clause in her will exonerated the remainder interest of the trust from contributing toward the estate taxes because the later will "takes precedence * * * over the contrary provision of her earlier, nontestamentary disposition” (supra, p 545). (The result in Matter of Cord, supra, led to the recent amendment to EPTL 2-1.8 [eff July 21, 1986], which now provides that in order to prevail, a tax clause in a later instrument must specifically refer to the earlier instrument.)
However, in the Cord case (supra), the assets in the trust were contributed by Mrs. Cord as settlor of her own trust. As such, it was Mrs. Cord’s property that passed to her children outside her will and clearly included in her tax exoneration clause.
In the instant case, the remainder interest of the QTIP trust for Mrs. Gordon’s benefit was never her property nor was it subject to her power or control. In fact, it passed to the remaindermen as a disposition under the will of her husband George Gordon.
Of course, tax apportionment with respect to QTIP trusts is not governed by EPTL 2-1.8. It is instead governed by EPTL 2-1.12, a new section enacted specifically for QTIP trusts. These two statutes provide different rates to calculate tax apportionment. Under EPTL 2-1.12, the marginal tax rate is used to compute the amount of tax recoverable from the QTIP. The average rate is applied under EPTL 2-1.8 to all other kinds of trusts and testamentary and nontestamentary property.
It is observed that at least two States, Virginia and Michigan, have enacted statutes that require express mention of the QTIP trust in the "otherwise” direction (Va Code § 64.1-66.1; Mich Comp Laws Ann § 205.201 [8] [c]). Furthermore, a noted commentator has recommended that our New York courts also require specific mention (Covey, Marital Deduction and Credit Shelter Provisions and the Use of Formula Provisions [1985 Supp], at 6). Indeed, it appears that the Internal Revenue Service (proposed regulation 26 CFR 20.2207A-1) may have already determined that specific reference to the QTIP property is necessary in an "otherwise” direction. The example given by the Service to illustrate the application of the proposed regulation on the death of the surviving spouse (W) assumes "that W’s will contained no provision regarding section 2207A (a)”.
*252 It is clear that article ninth of Mrs. Gordon’s will is one of the formbook examples of tax exoneration clauses that evolved before there were QTIPs. The post-ERTA draftsman, on the other hand, is advised to use totally different language to apportion QTIP taxes.
The basis for requiring express mention of a QTIP trust is the presumption that most testators do not intend to apply a general tax exoneration clause to QTIP property. The recent amendment of EPTL 2-1.8 reversing Matter of Cord (supra) is a similar attempt to protect the testator’s presumed intent and prevent inadvertent alterations of tax apportionment clauses.
In all construction cases, including those involving tax exoneration clauses, the court must search for testatrix’ intention (Matter of Aldrich, 259 App Div 162, 164; Matter of Kindermann, 21 NY2d 790).
There is nothing in Mrs. Gordon’s will that evidences an intention to exonerate her four sisters-in-law from contributing their share of estate taxes. There are, however, in her will some indicia of an intention not to exonerate these remainder-men. After some minor preresiduary dispositions, Mrs. Gordon disposed of her residuary estate to a charity, the Albert Einstein College of Medicine, thus making her estate tax exempt. At the time her will was executed, the executrices of her husband’s estate had not as yet elected to convert 80% of his residuary trust into a QTIP trust. It does not therefore appear probable that, when Mrs. Gordon executed her will containing the article ninth tax exoneration clause, she intended to exonerate the assets of a QTIP trust, not then includable in her gross estate, from contributing their share of estate taxes, particularly in view of the language in Mr. Gordon’s will authorizing his executrices to consider his wife’s beneficiaries in making their elections. Moreover, even if she was aware of the probability that such QTIP trust assets would be includable in her taxable estate, it is not conceivable that she would exonerate the trust from contributing its share of estate taxes recognizing that by doing so she would totally wipe out her residuary gift to charity.
Accordingly, the court concludes that article ninth of the will of Dorothy Gordon does not "otherwise provide”, as required by Internal Revenue Code § 2207A and EPTL 2-1.12, to exonerate the beneficiaries of the QTIP trust from contributing their share of estate taxes.
*253 This conclusion moots consideration of the propriety of the conduct of Mr. Gordon’s executrices, which on its face is self-serving, particularly in light of the provisions in article third, paragraph (d) of Mr. Gordon’s will. In fact, their failure to equalize the tax burden between the two estates (by qualifying for the marital deduction something less than 80% of the QTIP trust) may have increased the total tax paid by both estates. Since their election could very likely be considered a breach of their duty of impartiality, the executrices, at the very least, should have applied to this court for advice and direction (see, e.g., Matter of Rothko, 84 Misc 2d 830, mod 56 AD2d 499, affd 43 NY2d 305; Matter of Rappaport, 121 Misc 2d 447; Matter of Fales, 106 Misc 2d 419).
Submit decree on notice containing provision authorizing petitioner to recover from respondents the estate tax attributable to the inclusion of the QTIP trust assets in Mrs. Gordon’s estate.