■ In the Matter of the Estate of MILDRED E. KRAMER, Deceased. CAROLE PERSCH-ROSEMAN, Respondent; BERNICE LEADER et al., Appellants. [610 NYS2d 31] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about March 30, 1993, which decreed that under the tax apportionment clause of decedent's will her estate was entitled to recover from the trust remaindermen the estate taxes attributable to the trust principal, unanimously affirmed without costs.

Stanley Kramer bequeathed to his wife Mildred a life estate consisting of the income of a trust, with remainder to his two

daughters by a previous marriage. The trust was a "qualified terminable interest property trust" (QTIP) that qualified for a marital deduction at the election of Mr. Kramer's executors, and was therefore not subject to New York and Federal estate taxes as part of Mr. Kramer's estate. However, pursuant to Internal Revenue Code (26 USC) § 2044 and New York Tax Law § 954 (a) (4), the trust principal was includable as part of his surviving spouse's taxable estate.

Mildred Kramer's will contained a tax apportionment clause providing that all taxes were to be paid from her residuary estate "except for estate taxes resulting from the inclusion of property in my estate for estate tax purposes under Sections 2035, 2039 and 2041 of the Internal Revenue Code, which shall be apportioned among the transferees thereof in accordance with the law of the State of New York in effect at my death governing apportionment of such estate taxes". She bequeathed the residuary of her estate to her daughter by a previous marriage.

The Surrogate properly construed this provision as requiring that Mr. Kramer's daughters, who were to obtain the trust principal as remaindermen, pay to the decedent's estate the taxes attributable to the QTIP property. Both Internal Revenue Code (26 USC) § 2207A and EPTL 2-1.12 permit a surviving spouse's estate to recover estate taxes attributable to marital deduction property from the person receiving the property, unless the surviving spouse "otherwise directs by will" (26 USC § 2207A [a] [2]). A special rule governing the apportionment of taxes attributable to QTIP property included in a surviving spouse's estate, EPTL 2-1.8 (d-1), enacted in 1989, provides, in relevant part, that "[a] general direction in a will to pay all taxes imposed on account of a testator's death, or similar language, shall not be construed to apply to (1) the taxes imposed at the death of a life tenant on qualified terminable interest property, as defined under § 2056 (b) (7) of the Internal Revenue Code * * * unless the will of such testator *specifically provides otherwise*" (emphasis added). The requirement that the QTIP trust be expressly mentioned in the tax apportionment clause is based on a presumption that most testators do not intend to exonerate QTIP property from taxes *(see, Matter of Gordon,* 134 Misc 2d 247, 252). Here, there was no express mention of the QTIP trust, and it cannot be said that it was the testator's intent to grant the remaindermen a tax benefit at the expense of her own daughter, her residuary beneficiary.

We have considered appellants' other contentions and find

them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.