69 F.3d 537
 76 A.F.T.R.2d 95-7469, 95-2 USTC P 60,218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ESTATE OF Hans W. VAHLTEICH et al., Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-1865.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: JONES and DAUGHTREY, Circuit Judges; and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioners-appellants, Estate of Hans W. Vahlteich, deceased, Joshua Levine, executor, and Beverly V. Delaney, executor, appeal from a decision of the tax court denying their petition for redetermination of a notice of tax deficiency. On cross-motions for summary judgment, the tax court granted the motion of respondent-appellee Commissioner of Internal Revenue and ordered a tax deficiency of $1,042,218 due from appellants.
 
 
 2
 The issue presented in this appeal is whether the tax court properly construed and applied Ohio Revised Code Section 2113.86(I). Section 2113.86(I) permits exoneration of certain trust property contained in a probate estate of its equitable share of estate taxes where the will "provides otherwise" and "refers" to Internal Revenue Code Section 2044 ("Section 2044"), Ohio Revised Code Section 5731.131 ("Section 5731.131"), or "qualified terminable interest marital deduction property" ("QTIP"). For the following reasons, this panel will reverse the tax court.
 
 I.
 
 3
 Decedent Hans W. Vahlteich died with a gross estate of about $10 million. His estate included property held in a QTIP trust of $3,185,646.52 from his predeceased wife. Under the Internal Revenue Code Sections 2044 and 2056, a QTIP trust may be created by a will in which the corpus of the trust passes as a marital deduction providing a life interest in the trust income to the surviving spouse to be taxed upon the latter's death. However, the will of the predeceased spouse, not the surviving spouse, determines the final disposition of the property held in the QTIP trust upon the death of the surviving spouse. Ella Vahlteich's will provided that upon Hans W. Vahlteich's death, one-half of the QTIP trust would pass to five universities outright and one-half would pass to another trust with Beverly V. Delaney (daughter of Hans and Ella Vahlteich) and Fenelon McCollum (Ella Vahlteich's brother) as life income beneficiaries, with the remainder to the five universities upon their deaths.
 
 
 4
 The tax return filed for the Estate of Hans Vahlteich included the value of the QTIP trust ($3,185,646.52) but recovered $850,725 from the QTIP as the QTIP trust's pro rata share of the estate tax. However, the Internal Revenue Service ("IRS") determined that under the terms of Hans Vahlteich's will the QTIP trust was exonerated of its liability for its equitable apportionment of the estate tax and allocated the estate tax attributable to the QTIP trust to the residue of the probate estate. This reduced Hans Vahlteich's charitable contribution by $1,894,943 and increased the value of his taxable estate, resulting in both a tax deficiency of $1,042,218 and a reduction in the value of the residuary legacy to the universities of about $1,900,000.
 
 
 5
 Hans Vahlteich's estate petitioned the tax court for a redetermination of the notice of tax deficiency. However, the tax court found that under Section 2113.86(I) Hans Vahlteich's will "expresses an unambiguous intention that the apportionment statute not apply," and, thereby, had directed that the QTIP's pro rata share of the estate tax be paid out of the residuary and not the corpus of the QTIP trust. The tax court then ordered a tax deficiency of $1,042,218 from which appellants appealed.
 
 II.
 
 6
 This appeal presents an issue of first impression in construing Ohio Revised Code Section 2113.86(I). Statutory construction is a legal issue which this Court reviews de novo. In re Vause, 886 F.2d 794, 798 (6th Cir.1989).
 
 
 7
 State law controls the apportionment of federal estate tax liability. Riggs v. Del Drago, 317 U.S. 95 (1942); In Re Estate of Penney, 504 F.2d 37, 40 (6th Cir.1974). When interpreting state law, federal courts consult the highest state court's interpretation of the law, and in its absence attempt to determine what the highest court would do under state law. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967); Krakoff v. United States, 439 F.2d 1023, 1025 (6th Cir.1971).
 
 Section 2113.86 provides in relevant part:
 
 8
 (A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes.
 
 
 9
 ....
 
 
 10
 (I) If any part of an estate consists of property, the value of which is included in the gross estate of the decedent by reason of section 2044 of the [IRC], the estate is entitled to recover from the persons holding or receiving the property any amount by which the estate tax payable exceeds the estate tax that would have been payable if the value of the property had not been included in the gross estate of the decedent. This division does not apply if a decedent provides otherwise in his will or another governing instrument and the will or instrument refers to either section mentioned in this division or to qualified terminable interest marital deduction property. (emphasis added)
 
 
 11
 Under Section 2113.86(A), an estate tax is apportioned equitably among all persons interested in an estate in proportion to the value of the interest of each person. However, a will may "provide otherwise." Under Section 2113.86(I), the estate of a surviving spouse may recover from the property in a QTIP trust the incremental amount by which the estate tax is increased due to the inclusion of the value of the QTIP trust in the estate. Further, Section 2113.86(I) also permits a surviving spouse to exonerate a QTIP trust from liability for its pro rata share, but only by satisfying the two requirements of (1) "providing otherwise" in the will or another governing instrument, and (2) referring in the will or instrument to: (a) Section 2044; (b) Section 5731.131; or (c) qualified terminable interest marital deduction property.
 
 
 12
 The plain reading of Section 2113.86(I) clearly requires explicit reference in the testamentary document to at least one of the three markers and not the mere inclusion of the term "any trust" in a boilerplate list of possible testamentary interests. Case law also supports this construction. In Estate of Swallen v. Commissioner, 1993 WL 99977, 1993 Tax Ct.Memo LEXIS 141, T.C.Memo 1993-149, T.C.M. (RIA) para. 93, 149, 65 T.C.M. (CCH) 2332 (T.C.1993), interpreting Section 2113.86, the tax court found that in order to override the equitable apportionment presumption of Section 2113.86, a will must "clearly evince an intent on the part of the testator" by "explicit direction."
 
 
 13
 This comports with the law of other jurisdictions. The leading case under New York law, In re Estate of Gordon, 134 Misc.2d 247, 510 N.Y.S.2d 815 (1986), which held that a statute providing for exoneration of QTIP property from apportionment, but which did not facially require an explicit reference to a marker, must require the life income beneficiary to specifically refer to the QTIP trust on the face of the will because it is presumed that testators do not intend to exonerate QTIP from apportionment of estate taxes. See also In re Estate of Kramer, 610 N.Y.S.2d 31, 32, 203 A.D.2d 78 (1st Dep't 1994); In re Estate of Drosos, 62 Ohio App.3d 295, 575 N.E.2d 495, 497 (Ohio Ct.App.1989); In re Estate of Erieg, 439 Pa. 550, 556, 267 A.2d 841, 845 (Pa.1970).
 
 
 14
 The critical issue in this case is whether Hans Vahlteich's will sufficiently evinced his intent to exonerate the QTIP trust of its equitable apportionment by complying with Section 2113.86(I) in referring to one of the three specified markers. A plain reading of Hans Vahlteich's will indicates that it failed to do so. Hans Vahlteich's will provided in relevant part:
 
 
 15
 I direct that ... all transfer, estate or inheritance taxes ... imposed by any taxing authority upon or in relation to ... any trust, gift, insurance, annuity, joint property or transfer, included as part of my taxable estate, shall be paid as an expense out of my residuary estate ... without apportionment against the legatees, beneficiaries, donees or transferees thereof. (emphasis added)
 
 
 16
 The general direction in Hans Vahlteich's will to exonerate "any trust, gift, insurance, annuity, joint property or transfer" indicates a clear intention to "provide otherwise," but it simply does not "refer" to "either section mentioned in this division," i.e., Section 2044 or Section 5731.131, or "qualified terminable interest marital deduction property," with any specificity. Evidence of Vahlteich's intent, apart from that appearing on the face of the will is immaterial for compliance with Section 2113.86(I). Only the "will or other governing document" is relevant. The term "any trust" appears in a boilerplate list of property used in will drafting to comprehensively catalog property that may comprise an estate. (The same list appeared in Ella Vahlteich's will.) To connect the term "any trust" in the will to the QTIP trust actually requires an inference based on information extrinsic to the will, namely, that Hans Vahlteich's estate included a QTIP trust when the will was drafted. It appears that the court below construed the term "to refer" too broadly in light of Ohio law and the law of other jurisdictions dealing with this issue.[2]
 
 
 17
 Even if evidence extrinsic to the will were relevant, it would still be evident that the tax court's construction and application of Section 2113.86(I) to Hans Vahlteich's will was contrary to his testamentary scheme. Clearly the universities were the ultimate beneficiaries of both Hans and Ella Vahlteich's wills, either by direct bequest of the residuary estate or as remaindermen from the trusts. By exonerating the QTIP trust of its equitable apportionment of estate taxes under Section 2113.86(I), the estate bore an additional tax of $1,042,218 and the universities received approximately $1.9 million less than they otherwise would have. This is simply counterintuitive on its face and counter to a presumption in Ohio law that a testator intends to maximize deductions and pass as much to chosen beneficiaries as possible. Wittenberg University v. Waterworth, 13 Ohio App.3d 452, 455, 469 N.E.2d 970 (Ohio Ct.App.1984).
 
 
 18
 Moreover, the tax court's construction and application is contrary to the intent of the Ohio legislature. Inadvertent exoneration of QTIP trust property apparently presented such a problem that the Ohio General Assembly passed Section 2113.86(I) to codify the prevailing presumption that testators do not normally intend to exonerate a QTIP trust of its equitable apportionment of estate taxes. It intended to make it "hard to shift" estate taxes from a QTIP trust to avoid inadvertent exoneration. As the Ohio State Bar Association stated in its Amicus Brief in commenting on the tax court's decision below:
 
 
 19
 [The decision] appears to be quite contrary to the express purpose of the Ohio State Bar Association, the Ohio Bankers Association, and the Ohio General Assembly in enacting the statute, in addition to being quite contrary to the express language chosen and enacted in the statute to obtain this purpose.... The decision below is wrong in its reading of the statute and doubly wrong in not reflecting the proper policy of the State.
 
 
 20
 Brief of the Ohio State Bar Association at 5.
 
 
 21
 Accordingly, the decision of the lower court is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 This panel does not decide whether any language other than that which textually tracks Section 2113.86(I) satisfies Section 2113.86(I). It only decides that the language in Hans Vahlteich's will does not satisfy Section 2113.86(I)