OPINION OF THE COURT
Eve Preminger, S.
This is a petition to revoke the letters of a trustee of two testamentary trusts. Petitioner is a cotrustee of both trusts, and she is the income beneficiary of one of them.
The parties are the surviving children of Louis Weisman, whose will and codicil were admitted to probate in 1982. The codicil divided Louis’s residuary estate into two parts, "Share A” and "Share B”, each to be held by the parties in trust for the primary benefit of Louis’s surviving spouse, Libby Weisman. At Libby’s death in December 1995, the Share A and Share B funds were to be held in further trust, the former for the primary benefit of respondent, with income to him during his lifetime, the latter for the primary benefit of petitioner, with income to her during her lifetime. The remainder of the "Share A” trust was left to respondent’s surviving issue (if any),[1] or, if none, to such of petitioner’s issue as she might appoint, or, absent such appointment, to petitioner’s surviving issue. The remainder of the "Share B” trust was left to such of petitioner’s surviving issue as she might appoint, or, in default of such appointment, to her surviving issue. Each of the trusts was for the most part funded with Louis’s indirect (as well as direct) holdings of income-producing real estate in the form of partnership interests and shares in closed corporations.
An instrument purporting to be Libby Weisman’s last will has been offered by respondent for probate, and it is the subject of a separate contest between the parties. Respondent has been appointed the preliminary executor for Libby’s estate.
As coexecutors under Louis’s will, the parties had elected to take a full marital deduction in respect of the Share A and Share B funds, which were "qualified terminable interest” (QTIP) trusts, for purposes of Louis’s estate taxes. As the fiduciary for Libby’s estate, respondent has filed a Federal estate tax return reporting the trusts’ combined values in Libby’s gross estate. In that same capacity, respondent has to date paid more than $1 million on account of the total estate tax, *344 having elected to pay the reported balance of another $1 million in 10 annual installments.
Both parties are agreed that the QTIP trusts were includible in Libby’s gross estate for purposes of the Federal and New York estate taxes. However, they disagree with respect to the apportionment of the tax attributable to such inclusion.
Respondent’s position is that the income beneficiaries and the presumptive remaindermen of the trusts are required by law to contribute individually, in proportion with their respective interests in the trusts, toward the estate tax attributable to the trusts’ inclusion in Libby’s estate; respondent proposes to satisfy the income beneficiaries’ liability in this respect by drawing on trust income for that purpose. Based on that position, respondent has refused to cosign checks remitting trust income to either beneficiary and has expressed the intention to continue to do so for the 10-year period during which tax installments are to be made.
The law is clear that the estate of the surviving spouse is entitled to a "recover[y]” from "the person[s] receiving the [QTIP] property” (26 USC § 2207A [a] [1]; EPTL 2-1.12 [a] [l])[2] unless the surviving spouse has specifically provided otherwise by will.' (Matter of Gordon, 134 Misc 2d 247.)[3]
Where, at the surviving spouse’s death, a QTIP trust goes to the remaindermen outright, the identity of the "person receiving the property” is self-evident. (See, e.g., Matter of Kramer, 203 AD2d 78; Matter of Gordon, supra.) Here, by contrast, the "property” in question is directed to be held in further trust. There appears to be no reported precedent under section 2207A or EPTL 2-1.12 involving "property” so "received”. Nevertheless, logic and plain meaning impel the conclusion that the trustees — as the persons having title and control of the "property” in question — are the "recipients]” from whom "recovery” is to be made under section 2207A and EPTL 2-1.12.
Under respondent’s contrary reading of the statutes, recovery of the tax would necessarily be either forced from merely putative "remaindermen” or suspended for a lifetime, i.e., until conclusive identification of the remaindermen. Tax apportionment could not sensibly proceed on such a basis. *345 Instead, it is fundamental to any tax apportionment scheme that the burden of the tax in question be recoverable from the fund generating the tax. (Cf., Matter of Kaufman, 170 Misc 436 [for purposes of predecessor to EPTL 2-1.8, trustee of inter vivos trust, not remainderman, is "person benefited” by property subject to apportionment and hence is the proper party to proceeding relating to apportionment].)
The conclusion that Libby’s estate is entitled to a "recovery” drawn from the trust per se is not dispositive of whether the tax burden should be allocated entirely to principal or allocated between the income and principal accounts of the trusts. If recovery under the statutes is to some extent chargeable against trust income, then a trustee would not be wrong (in the absence of some prohibition in the will creating the trust) to retain some reasonable amount of income as a kind of sinking fund to meet such obligation. (See, Matter of Skrainka, 93 Misc 2d 156; cf., EPTL 2-1.8 [f].)
In arguing the point, both parties invoke EPTL 2-1.8. Petitioner for her part relies on the statute’s clear directive that estate taxes (as well as interest thereon) are to be charged only against principal, absent a contrary provision by the decedent. (EPTL 2-1.8 [b], [c] [4].) Respondent supports his position by sidestepping that directive and proposing to rest instead on subdivison (e) of EPTL 2-1.8. But the latter is no more than a procedural provision, governing the mechanics of enforcing tax apportionment against assets not in the fiduciary’s possession, and it can be of no substantive aid to respondent here.
In truth, the outcome respondent urges would be inconsistent with the basic statutory plan expressed by EPTL 2-1.8 and 2-1.12 and 26 USC § 2207A. The first statute sets forth the fundamental rules governing the apportionment of estate taxes between or among assets includible in the gross taxable estate. Those rules address, among other things, the calculation of the tax apportionment, the allocation of the benefit of tax exemptions and deductions, and the interpretation of language in the governing instrument dealing with tax apportionment.
When the Federal and the New York estate tax laws were amended in the early 1980’s to allow the marital deduction to be elected for QTIP trusts, both the Internal Revenue Code (by section 2207A) and the EPTL (by EPTL 2-1.12) made specific provision for the allocation of the taxes that would be imposed (in the event of such election) on the surviving spouse’s estate. Both sections were designed to protect the surviving spouse’s assets from any liability for taxes that would otherwise not be *346 payable by that estate if the election had not been made on behalf of the first spouse’s estate. Under section 2207A and EPTL 2-1.12, the QTIP is not left to bear its proportionate share of the total tax, as EPTL 2-1.8 would otherwise require, but instead is allowed the entire benefit of the lower tax brackets and any applicable exemptions.
All the other rules of apportionment applicable to the QTIP property are contained in EPTL 2-1.8; neither section 2207A nor EPTL 2-1.12 proposes to supply such rules itself. Indeed, when later legislation was enacted to clarify the applicability to QTIPs of certain tax apportionment language in wills and trusts, it was made a part of EPTL 2-1.8. And, as indicated above, the rules under EPTL 2-1.8 apportion tax and interest thereon entirely to principal.
This is not to ignore the fact that there is some disjuncture between EPTL 2-1.8 and 2-1.12 and section 2207A. Given the inconsistency between the rates for calculating apportionment under their provisions, the first statute does not read as a neat complement to the latter two. Indeed, it might be argued that EPTL 2-1.8 is not geared to operate in tandem with the Federal statute and its State counterpart. But, even if that were so, the resolution of the apportionment issue in this matter would not be altered. Were EPTL 2-1.8 inapplicable, resolution of the issue would require resort to the provisions of EPTL 11-2.1, the statute that generally governs the competing rights and obligations of principal and income. And this statute would also require that estate taxes and interest be charged entirely against principal.
Although EPTL 11-2.1 specifically allocates estate taxes and interest thereon as a charge against principal in the case of an estate (EPTL 11-2.1 [d]), its provisions are less precise in relation to trusts. In relevant part, those provisions read as follows:
"(0 Charges against income and principal.
"(1) The following charges shall be made against income: (A) ordinary expenses incurred in connection with the administration, management and preservation of the trust property, including regularly recurring taxes assessed against any portion of the principal, water rates, insurance and bond premiums, interest paid by the trustee and ordinary repairs; (B) any tax levied upon receipts defined as income under this section or the trust instrument and payable by the trustee * * *
"(4) The following charges shall be made against principal: (A) charges not provided for in subparagraphs (1) and (2).” *347 Estate tax is clearly not an "expense” within the ambit of subparagraph (1). Accordingly, subparagraph (4) must be read to contemplate that estate tax is chargeable only to corpus. Such a reading is in harmony with the provisions of the same statute placing the burden of the tax on estate principal and with the like provisions of EPTL 2-1.8, in relation to trusts, mentioned above. The operation of EPTL 11-2.1 with respect to allocation of interest on estate taxes (relevant here because of the interest due on installment payments of estate tax) is not so obvious, but analysis would indicate that such interest also would be chargeable against income.[4]
Respondent’s additional arguments are without merit. Nor has he demonstrated that this is a case in which income distributions might rightly be suspended, with a compensating equitable lien, for the sake of meeting immediate needs that cannot be met otherwise (see, Matter of Werle, 134 NYS2d 310) or in accordance with the agreement of the income beneficiaries themselves (see, Matter of O’Flyn, 120 NYS2d 732).
All of the foregoing establishes that respondent’s suspension of income distributions is not supported by law or by circumstance. Accordingly, the amounts withheld should be distributed to the income beneficiaries forthwith. The question remains, however, whether petitioner is correct that respondent’s conduct in relation to withholding distributions warrants his removal.
A fiduciary’s misreading of the law is not per se an occasion for his removal, particularly where, as here, there is no controlling authority. If infallibility were a requisite for the office, every trust would necessarily fail for want of a qualified trustee. On the other hand, a trustee’s purported "error” may in fact prove to have been a purposeful act of malice or a bid *348 for self-advancement at the trust’s expense. In such case, the trust cannot be left to the trustee’s future devices.
Petitioner contends that there is more than the fact of erroneously withheld income to evidence respondent’s alleged mala tides. She cites the broader litigation involving both Louis’s and Libby’s estates; the fact that respondent did not himself commence a proceeding to determine the merit of his position on the issue now before the court; the further fact that respondent was quick to set up reserves to fund the trusts’ estate tax liabilities, but has yet to take like action with respect to a revocable trust that had been established for his benefit by Libby in 1988; and, finally, that, at least as petitioner would have it, respondent’s duty as preliminary executor for Libby’s estate necessarily conflicts with his duty as trustee of the trusts at issue here.
The above factors are not sufficient to raise a triable issue as to petitioner’s present case for removal. Certainly, the fact of the broader litigation, by itself, is not enough to indicate some ulterior purpose to respondent’s actions with respect to income distributions from the trusts. If it had been offered in cumulation with other evidence that was unambiguously incriminating, the fact of a pending contest between the parties in this forum might have reinforced petitioner’s claim that respondent has acted in bad faith as a trustee. But petitioner has offered no such additional evidence.
True enough, respondent withheld income without having first secured his cotrustee’s consent or, absent that, the court’s approval. But bad faith is not the only explanation for respondent’s retention of the income at issue over the course of seven months while he and petitioner engaged in negotiations, their discussions protracted by petitioner’s two changes of counsel. In other words, it cannot be said that respondent’s failure to begin a court proceeding before taking the action he did bears the clear markings of a wilful breach of duty.
Nor is there clear reason to indict respondent here for his failure to recover estate taxes, for Libby’s estate, from a revocable trust that Libby had established for his benefit in August 1988. According to petitioner, respondent as preliminary executor is bound to take such action under section 2207B of the Internal Revenue Code (26 USC) and under EPTL 2-1.13. There is no present need to determine whether the two sections are indeed applicable to the revocable trust in question, the overall status of which apparently is in any event a point of controversy between the parties in the separate proceeding *349 commenced by petitioner some time ago. Respondent’s individual interests in that proceeding may or may not compromise his ability to serve disinterestedly as a fiduciary for Libby’s estate. But for purposes of assessing respondent’s dealings with the QTIP trusts now at issue, the parties’ glancing references here to matters afield of those dealings hardly provide a useful gauge.
Finally, there is nothing inherently conflicting in the duty of loyalty that respondent owes the QTIP trusts and the duty of loyalty that he owes Libby’s estate as its present fiduciary. To be sure, respondent as preliminary executor is bound to recover estate taxes attributable to the trusts if their payment is not forthcoming. But that duty merely complements his duty as trustee, which is, among other things, to assure that the trusts’ obligations are duly satisfied if possible.
This shall constitute the decision and order of the court, apportioning the estate tax against the principal of both trusts and dismissing the petition for removal of the trustee.

. At present, petitioner has issue and respondent has none.

. Under the general rules for the apportionment of estate taxes that are set forth in EPTL 2-1.8, the parallel concept is expressed as "person benefited”. Where "person[s] benefited” are income beneficiaries of a trust, the statute allocates the tax burden to the trust principal.

. The instrument that has been propounded as Libby’s will includes no such contrary provision, and it is not alleged that any prior will does so.

. On the face of it, it might well appear that such interest is addressed in terms by EPTL 11-2.1 (Z) (1), which includes "interest paid by the trustee” as an "ordinary expense” chargeable against income. But further consideration would indicate otherwise. After all, EPTL 11-2.1 was enacted years after the enactment of EPTL 2-1.8. It is in the light of the older statute that the newer one must be understood. Thus, the reference in EPTL 11-2.1 to "interest paid by the trustee” — and chargeable to income — had to have been intended to accommodate the fact that interest payable by a trustee in respect of estate taxes under EPTL 2-1.8 was chargeable solely against corpus. In other words, interest on such occasion apparently was not the sort of "interest” to which EPTL 11-2.1 (Z) (1) referred as an "ordinary expense” to be charged against income. Indeed, in this respect, EPTL 2-1.8 was of a piece with subdivision (d) of EPTL 11-2.1 itself: both established that interest on estate tax, as well as the estate tax itself, were chargeable against corpus, whether the corpus was that of an estate or of a trust.