OPINION OF THE COURT
W. Patrick Falvey, S.
Petitioner executor requests the court to advise and direct pursuant to SCPA 2107 (2). He asserts in his petition filed Feb *364 ruary 23, 2009, that the decedent meant to leave to him in paragraph sixth of the will (the petition refers to paragraph seventh, but correspondence from the attorney for the estate acknowledges this as an error) a lot lying westerly of Hamilton Street in the Village of Penn Yan as part of the property known as 313 Hamilton Street. Apparently this lot is located across the street from the 313 Hamilton Street address, which was the decedent’s home. The executor wants to bring a will construction proceeding to determine the meaning of this provision of the will.
The executor acknowledges in his petition that such a will construction proceeding would put the executor’s personal interests in conflict with his duty as executor to act in the best interests of all persons inheriting under the will.
Petitioner also notes that the estate’s attorney would have a conflict regarding such a will construction proceeding, since he is a member of two of the nonprofit residual beneficiaries.
The executor asks that process be issued to the necessary parties and that the court instruct him as to the proper procedure to follow so that all interests of the parties are protected under the circumstances.
Initially, the Surrogate must determine if it will entertain this application, such that process would issue to the interested parties. Upon review of the petition, the file and the relative case law, the court will decline such jurisdiction, based on the following analysis.
SCPA 2107 (2) allows the Surrogate to entertain a petition for advice and direction in extraordinary circumstances, including where there is conflict among interested parties. The most common use of SCPA 2107 (2) appears to be when there are alternative methods for determining responsibility for taxes (tax election) where one way may benefit one beneficiary and another way may benefit another. In fact, all the cases cited by the estate attorney in his letter of March 10, 2009 concern such tax questions. (Matter of Gordon, 134 Misc 2d 247 [1986]; Matter of Rappaport, 121 Misc 2d 447 [1983]; Matter of Fales, 106 Misc 2d 419 [1980].) However, under subdivision (2) of SCPA 2107, the court does not have to entertain jurisdiction of an application, if doing so would merely substitute the court’s judgment for that of the fiduciary.
“Questions of policy arising in the settlement of the estate are to be determined by the fiduciary, and it is not the function of the court to give instructions concerning matters calling for *365 administrative judgment on the part of the fiduciary except in instances of unusual or peculiar circumstances.” (Cox, Arenson and Medina, New York Civil Practice — SCPA ¶ 2107.01.) Furthermore, surrogates should exercise their power granted by this section only sparingly in exceptional cases. {Id. at 21-238.)
Here, essentially, the fiduciary is seeking the court’s permission to bring a will construction proceeding which will most likely require the estate and beneficiaries to expend funds to assert their respective positions. However, the construction that the fiduciary is asserting appears to be beneficial only to himself and his wife, and therefore potentially harmful to the rest of the beneficiaries. It is noted that since the petition does not state the value of the asset, it is not clear what the extent of this harm would be. Regardless, it is difficult to see a way in which the executor would be acting within the scope of his duties as fiduciary by bringing this construction proceeding. Therefore, under the circumstances, since the advice the court would give appears to be clear, the court need not give same.