Turner, J.
 

 We are called upon here to interpret item I of decedent’s will, which provides:
 

 “I direct that all my just debts and funeral expenses be first paid out of my estate, and I further direct that all taxes, both state and federal shall be a charge against the principal of my estate and shall
 
 *403
 
 be paid therefrom and shall not be charged against the interest of any distributee.”
 

 Was it the testator’s intention to direct that federal taxes resulting from the inclusion of the proceeds of life insurance policies not payable to his estate be paid out of the assets of his estate?
 

 It does not appear to us that he so directed. It seems to us that the testator had in mind the estate of which he was disposing and did not intend to benefit the policy beneficiaries at the expense of those named in his will. The proceeds of the life insurance policies were not assets of the Ohio estate. Such assets did not come into the executor’s hands. For convenience, the Congress directed the executor to collect the taxes on the life insurance proceeds but at the same time gave him a right of action against the life insurance beneficiaries.
 

 The beneficiary of a life insurance policy is not a distributee under a will or of an intestate estate. Citation of cases seems unnecessary.
 

 In order to save the discount allowable under the Ohio law, the executor paid the inheritance tax. Some time later the Federal Estate Tax was determined and paid. The Federal Estate Tax was based partly on proceeds of life insurance payable otherwise than to the estate, such life insurance proceeds being properly includible in the assets subject to Federal Estate Tax. Such life insurance proceeds, however, were not includible in the assets measuring the Ohio Inheritance Tax. After the payment of the Federal Estate Tax, the executor then filed in the Probate Court an application for modification of the Ohio Inheritance Tax to be determined after deduction of the federal tax, such application being provided for by Section 5339, General Code. The Tax Commissioner objected to the deduction of that part of the
 
 *404
 
 Federal Estate Tax arising on account of the life insurance, but agreed to the deduction of the balance of the Federal Estate Tax.
 

 The case was presented to the Probate Court on an agreed stipulation of facts setting forth the exact figures. The Probate Court held that the Federal Estate Tax was a deductible debt only with respect to that portion not attributable to life insurance and ordered a refunder based on that conclusion.
 

 The Court of Appeals affirmed the final order of the Probate Court.
 

 It is clear that prior to decedent’s death the payment of the Federal Estate Tax by the executor was not a debt.
 

 Therefore, unless we find some provision of the law whereby a debt is declared to have accrued after decedent’s death, there is no such liability.
 

 In the case of
 
 Tax Commission, ex rel. Price, Atty. Genl.,
 
 v.
 
 Lamprecht, Admr.,
 
 107 Ohio St., 535, 140 N. E., 333, this court held that in determining the value of the succession under the Ohio Inheritance Tax the amount of federal tax should be deducted like other debts and expenses of administration. However, it does not appear that that case involved life insurance from which the estate received no benefit.
 

 When the Congress decided to include certain life insurance proceeds as a part of the net estate to be taxed under the federal law, it provided in Section 826 (c), Title 26, U. S. Code:
 

 “Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies
 
 *405
 
 bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate, determined under section 935 (c). If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio. In the case of such proceeds receivable by the surviving spouse of the decedent for which a deduction is allowed under section 812 (e) (the so-called ‘marital deduction’), this subsection shall not apply to such proceeds except as to the amount thereof in excess of the aggregate amount of the marital deductions allowed under such subsection.”
 

 There is no direction in decedent’s will that any Federal Estate Tax due to the inclusion of proceeds of life insurance policies receivable by a beneficiary other than the executor should be paid out of the estate.
 

 The Congress has created a liability of the beneficiary of the insurance policy on the life of decedent, in favor of the executor for the amount of the tax due to the inclusion of such insurance proceeds in the net federal estate.
 

 In paragraph five of the syllabus of the Court of Appeals ’ opinion on the merits of the case, it was said:
 

 “By Section 826 (c) of the United States Internal Eevenue Code, it is provided that a personal representative may recover from the beneficiary, other than the insured’s estate, of a life insurance policy the amount of the estate tax resulting from the inclusion of the amount of the policy in the calculation of the estate tax, unless the decedent directs otherwise. The decedent’s will provided: [set out,
 
 supra].
 

 “It was held by this provision the decedent had not provided for an exoneration for the beneficiary of the life insurance policy and, therefore, the executor was not entitled to have the estate tax attributable
 
 *406
 
 to the inclusion of the life insurance fund considered as a debt in the calculation of the Ohio Inheritance Tax. ’ ’
 

 We agree with the foregoing conclusion of the Court of Appeals.
 

 The matter seems so clear to us as not to require the citation of many authorities. For analogous cases, see
 
 Barkley
 
 v.
 
 South Carolina Tax Commission,
 
 191 S. C., 147, 3 S. E. (2d), 809, and
 
 Priedeman
 
 v.
 
 Jamison,
 
 356 Mo., 627, 202 S. W. (2d), 900.
 

 In the
 
 Lamprecht case, supra,
 
 it was held that the Federal Estate Tax was a debt to be recognized in computing the net Ohio succession. However, in that case it did not appear that there was involved the payment of the Federal Estate Tax due to the inclusion of life insurance policy proceeds and is authority only for the holding that the Federal Estate Tax on so much of the estate is to be allowed as a debt of the estate. Proceeds of life insurance payable to others than the executor of the estate or the estate directly cannot be considered any part of decedent’s estate under Ohio law and no sound reason can be advanced for burdening the estate for payment of taxes based on such proceeds.
 

 We are of the opinion that the executor must pursue his right of recovery for that part of the Federal Estate Tax due to the inclusion of the proceeds of life insurance policies from the beneficiaries under such policies, and that such amount is not a debt against the estate in computing the net Ohio Inheritance Tax until he has made such collection and accounted therefor.
 

 Questions of procedure on the appeal from the Probate Court to the Court of Appeals are discussed in the briefs. However, we are of the opinion that such questions were properly decided by the Court of Appeals.
 

 
 *407
 
 Therefore, the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
 

 Taft, J., concurs in paragraph two of the syllabus and in the judgment.