IN RE ESTATE OF FINKE, DECEASED.

[Cite as In re Estate of Finke (1987), 31 Ohio St. 3d 1.]

(No. 86-1166—Decided May 27, 1987.)

*Jablinski, Folino, Roberts, Schultz & Martin* and *Shearl J. Roberts,* for appellants.

*Turner, Granzow & Hollenkamp* and *Charles W. Deuser II,* for appellees.

LOCHER, J.   The initial question presented herein is whether the *inter vivos* gifts were includible in the estate of Mrs. Finke for federal and Ohio estate tax purposes. The answer to this question is determinative of the main issue in this case, which is whether the taxes attributable to these gifts may be divided among the *inter vivos* donees under the Ohio Tax Apportionment Act, former R.C. 2113.85 *et seq.* (138 Ohio Laws, Part I, 1130, 1142 *et seq.*).[1] For the reasons that follow, we affirm the well-reasoned holding of the court of appeals.

---

[1] All references to R.C. 2113.85 *et seq.* as they appear herein are to these statutes as enacted effective March 23, 1981. The effective date of the new Act is July 24, 1986.

R.C. 2113.86 stated that estate taxes "shall be apportioned among all persons interested in the estate." R.C. 2113.85(B), in turn, provided that a "person interested in the estate" means "any person who is entitled to receive, or who has received, from a decedent or by reason of the death of a decedent any property or property interest included in the decedent's estate." The decedent's "estate" was defined in R.C. 2113.85(A) as "the gross estate of a decedent as determined for federal estate tax purposes under Subtitle B of the 'Internal Revenue Code of 1954,' 68 Stat. 373, 26 U.S.C.A. 2001, as amended, and for Ohio estate tax purposes under Chapter 5731. of the Revised Code."

For federal estate tax purposes, the municipal bonds will be considered part of Mrs. Finke's estate only if they would be included therein by any of the sections of Subtitle B of the Internal Revenue Code. Upon review of these sections, we find no language which could be construed as including in an estate municipal bonds which were transferred, complete with all incidents of ownership, as *inter vivos* gifts by Mrs. Finke.

Section 2001 of the Internal Revenue Code (Title 26, U.S. Code) provides in part:

"(a) Imposition.—A tax is hereby imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States.

"(b) Computation of tax.—The tax imposed by this section shall be the amount equal to the excess (if any) of—

"(1) a tentative tax computed in accordance with the rate schedule set forth in subsection (c) on the sum of—

"(A) the amount of the taxable estate, and

"(B) the amount of the *adjusted taxable gifts,* over

"(2) the aggregate amount of tax which would have been payable under chapter 12 with respect to gifts made by the decedent after December 31, 1976 * * *.

"For purposes of paragraph (1)(B), the term 'adjusted taxable gifts' means the total amount of the taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, *other than gifts which are includible in the gross estate of the decedent.*" (Emphasis added.)

Section 2001 implies that certain gifts are excludible from a decedent's gross estate. It is clear that Congress did not intend to include all gifts in the definition of "taxable estate."

Gifts that are includible in a gross estate are described in Subtitle B. They include gifts of property in which the decedent retained possession (Section 2036[a]), an interest (Section 2037[a]), or some other incident of ownership (Section 2038[a]) such as a power of revocation. Mrs. Finke transferred *all* of her right, title and interest in the bonds to the *inter vivos* donees. She retained no incidents of ownership with respect to the bonds. Clearly, none of these sections of Subtitle B would include Mrs. Finke's gifts in her estate.

This conclusion is bolstered by Section 2033, which states that the

"value of the gross estate shall include the value of all property *to the extent of the interest therein of the decedent at the time of his death.*" (Emphasis added.) Mrs. Finke had no interest in the bonds at the time of her death.

Prior to the 1981 amendment of Section 2035, the bonds would have been considered part of Mrs. Finke's estate if the gifts had been made within three years of her death. See Section 2035(a). However, Section 2035 was amended in 1981 to provide in part as follows:

"(d)  Decedents dying after 1981.—

"(1)  In general.—Except as otherwise provided in this subsection, subsection (a) shall not apply to the estate of a decedent dying after December 31, 1981. * * *"

The three-year rule provided in Section 2035(a) does not apply to the transfer of the bonds in this case because Mrs. Finke died on February 22, 1984. It is clear that Congress meant to specifically exclude gifts such as those made by Mrs. Finke from the gross estate of a decedent dying after 1981, for otherwise it would not have amended Section 2035.

For federal estate tax purposes, the municipal bonds were not a part of Mrs. Finke's estate. Since the *inter vivos* donees were not "persons interested in the estate" under R.C. 2113.86, they should not have been required to pay the federal estate taxes attributable to the gifts.

For Ohio estate tax purposes, however, the bonds are includible in Mrs. Finke's estate if they are described as part of her estate by R.C. Chapter 5731. R.C. 5731.05(A) and (B), at the time relevant herein, provided as follows:

"(A)  Except as provided in divisions (B) and (C) of this section, the value of the gross estate shall include the value of all property, to the extent of any interest therein, of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of his death.

"(B)  Any transfer, except as provided in division (C) of this section, by trust or otherwise, made within a period of three years ending with the date of the decedent's death shall be deemed to have been made in contemplation of death, unless the contrary is shown. No transfer made before such three-year period shall be treated as having been made in contemplation of death."

Mrs. Finke transferred the bonds to the *inter vivos* donees on February 9, 1984. She died some two weeks later on February 22, 1984. Since the gifts were made within three years of her death, they must be deemed to have been made in contemplation of her death, unless a contrary showing is made. The *inter vivos* donees concede that the transfers were made in contemplation of death. Consequently, R.C. Chapter 5731 requires that the bonds be included in Mrs. Finke's estate for Ohio estate tax purposes.

Where gifts are made by a donor prior to death, and such gifts are included in the donor's estate for Ohio estate tax purposes, the *inter vivos*

donees are generally subject to apportionment of the tax under R.C. 2113.86 unless they are exempted by action of R.C. 2113.88. Thus, unless they fall under the exception provided in R.C. 2113.88, the *inter vivos* donees are "persons interested in the estate" for purposes of R.C. 2113.86 and must pay the Ohio estate taxes attributable to the gifts of the bonds.

In relevant part, R.C. 2113.88 stated:

"In making an apportionment, *any* exemption, deduction, or *credit directly attributable to a particular* legacy, devise, or *gift shall inure to the benefit of the* legatee, devisee, or *donee.*" (Emphasis added.)

In the instant case, there was a Unified Gift Tax Credit directly attributable to the gift of the bonds. The United States Gift Tax Return filed by the executor shows that the credit was $53,712. However, the *inter vivos* donees' share of Ohio estate taxes was determined by the trial court to be only $9,739.43.

We hold that where a credit is directly attributable to gifts made by a donor prior to death, and the credit is greater than the amount of Ohio estate tax attributable to the gifts under R.C. 2113.86, the credit shall inure to the benefit of the *inter vivos* donees under R.C. 2113.88 so as to exempt them from apportionment of the tax. The Unified Gift Tax Credit in this case is clearly "any" credit within the meaning of R.C. 2113.88. Since the credit is greater than the Ohio estate tax attributable to the gifts, we conclude that the tax should not have been apportioned among the *inter vivos* donees in this case.

In summary, the *inter vivos* donees should not have been required to pay any federal or Ohio estate taxes. The *inter vivos* gifts made by Mrs. Finke were properly excluded from her estate for federal estate tax purposes, and thus under R.C. 2113.86 the *inter vivos* donees were excluded from apportionment of the federal estate taxes since they were not "persons interested in the estate." Furthermore, while the gifts were properly included in Mrs. Finke's estate for Ohio estate tax purposes, the *inter vivos* donees were not subject to apportionment of the Ohio estate taxes because they were covered by the exemption in R.C. 2113.88.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.