**In re ESTATE OF DROSOS.**

[Cite as *In re Estate of Drosos* (1989), 62 Ohio App.3d 295.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54993.

Decided Feb. 6, 1989.

*Karen A. Davey,* for appellee Nick Drosos.

*Tom L. Johnson,* for appellant Pericles Drosos.

Matia, Judge.

Appellant, Pericles Drosos, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Probate Division.

The probate court determined that appellant is liable for Ohio estate taxes attributable to certain *inter vivos* gifts he acquired from his mother, Olga Drosos, in contemplation of her death. Appellee, Nick Drosos, is the husband and residuary beneficiary of the decedent.

This appeal is not well taken.

In his sole assignment of error, appellant contends:

"The trial court erred in its judgement [*sic*] that a recipient of a gift is liable for estate tax some eighteen months after the gift was made when this was not the intention of the decedent [*sic*] and there are ample funds in the estate to pay said estate tax."

## A. The Facts

The parties stipulated that within three years prior to the date of the decedent's death on March 3, 1986, she gave to the appellant the following items:

A.   Her twelve-percent interest in a partnership called Chagrin Delta which was given to Pericles Drosos on or about November 18, 1985;

B.   Her one-half interest in the real estate located at 14412 Detroit Road which was given to appellant on or about August 23, 1985;

C.   Her thirty-two shares of the Hylander Restaurant which she gave to him on or about November 25, 1985;

D.   Her one-half interest in the real estate located at 1676 Lake Avenue which she gave appellant on or about August 23, 1985.

## B. The Law Re Estate Taxes

R.C. 2113.86(A), which governs the apportionment of estate taxes, provides as follows:

"(A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, *a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate* in proportion to the value of the interest of each person as determined for estate tax purposes." (Emphasis added.)

The phrase "persons interested in an estate" is defined at R.C. 2113.85(B), which provides in pertinent part:

"(B) 'Person interested in the estate' means *any person* who is entitled to receive, or *who has received, any property or property interest included in the decedent's estate.* \* \* \* " (Emphasis added.)

The "property interests included in the decedent's estate" referred to above include the final gifts described above which are the subject of this suit, by operation of R.C. 5731.05, which states:

"(A) \* \* \* the value of the gross estate shall include the value of all property, to the extent of any interest in property, of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of his death.

"(B) *Any transfer* \* \* \* *made within a period of three years ending with the date of the decedent's death shall be deemed to have been made in contemplation of death,* unless the contrary is shown. \* \* \* " (Emphasis added.)

## C. Analysis

The case *sub judice* does not fall within any exceptions to those statutes set forth above. Thus, in the absence of a contrary will provision, the estate tax burden is borne equitably and proportionately by all persons who hold an interest included in the estate. By the statutory presumption codified at R.C. 5731.05(B), appellant's gift property is included in the estate.

Appellant argues that there is a will provision to the contrary. Item I of the decedent's will directs the executor to "pay out of the principal of [her] estate *all just debts.* \* \* \* " The appellant asserts that the phrase "all just debts" includes the payment of estate taxes. We disagree.

We hold that such a clause does not clearly evince an intent on the part of the testator that estate taxes be paid in a manner contrary to the apportionment of R.C. 2113.86. Such an intent must be more specifically declared. See *McDougall v. Central Natl. Bank of Cleveland* (1952), 157 Ohio St. 45, 47 O.O. 60, 104 N.E.2d 441; *In re Estate of Gatch* (1950), 153 Ohio St. 401, 41 O.O. 412, 92 N.E.2d 404; *In the Matter of Estate of Hilty* (Aug. 30, 1982), Putnam App. No. 12–81–10, unreported, 1982 WL 6863; *Baldauf v. St. John the Baptist Church* (Mar. 28, 1983), Allen App. No. 1–82–53, unreported, 1983 WL 7234.

In *In re Estate of Finke* (1987), 31 Ohio St.3d 1, 31 OBR 1, 508 N.E.2d 158, the Ohio Supreme Court has declared, at paragraph one of the syllabus, as follows:

"Where gifts are made by a donor prior to death, and such gifts are included in the donor's estate for Ohio estate tax purposes, the *inter vivos*

donees are generally subject to apportionment of the tax under R.C. 2113.86 unless they are exempted by action of R.C. 2113.88."

Thus, unless appellant-donee falls under the exceptions of R.C. 2113.88, he must pay the Ohio estate taxes attributable to the gift property under the general rule. In pertinent part, former R.C. 2113.88 (repealed after the death of the decedent) provided:

"In making an apportionment, any exemption, deduction, or credit directly attributable to a particular legacy, devise, or gift shall inure to the benefit of the legatee, devisee, or donee." 138 Ohio Laws, Part I, 1145.

Although in *Finke, supra,* the donees successfully relied on a Unified Gift Tax Credit applicable to the property to avoid the Ohio estate taxes, no such exception has been demonstrated by the appellant in the instant case.

### D. Conclusion

Accordingly, following the general rule set forth in *Finke, supra,* since appellant is a "person interested in the estate" for the purposes of R.C. 2113.86, and does not demonstrate any statutory exemption, the rule of equitable apportionment applies and appellant must pay that portion of the Ohio estate taxes that is directly attributable to the *inter vivos* gifts. Appellant's assigned error is not well taken.

*Judgment affirmed.*

ANN McMANAMON, P.J., and NAHRA, J., concur.