**In re ESTATE OF SHERER.**

[Cite as *In re Estate of Sherer* (1997), 116 Ohio App.3d 345.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 658.

Decided Jan. 22, 1997.

*Gary A. Corroto*, for appellant Dale Fitzsimmons.

*Lora L. Goutras*, for appellees Mary Colvin and Harold Sherer.

*Kathleen Stoneman*, for appellee Jean Robertson.

*John R. Saltsman*, for appellee Vera Fitzsimmons.

---

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Carroll County Common Pleas Court, Probate Division, granting the motion filed by Jean Robertson, the executor of the estate of Carl Sherer, to approve and direct the

apportionment of both federal and state estate taxes in accordance with the calculations set forth in the motion.

The decedent, Carl Sherer, died testate on May 22, 1991, and his will was duly admitted to probate in the Carroll County Common Pleas Court, Probate Division, on July 23, 1991. The taxable estate totaled in excess of $1,000,000, and there were four beneficiaries listed in decedent's will: Vera Fitzsimmons, Dale Fitzsimmons, Harold Sherer, and Mary Colvin. The total federal and state estate tax liability amounted to approximately $293,781.75, and since decedent's will did not make any provision to the contrary, the taxes were to be apportioned in accordance with R.C. 2113.86.

On February 16, 1994, Mary Colvin and Harold Sherer, appellees, filed a motion requesting that the trial court make partial distribution of the estate assets, transfer the real property of the estate into a trust, and apportion all estate and income taxes among the beneficiaries taking under decedent's will. Dale Fitzsimmons, appellant, then filed a response in objection to appellees' motion. A hearing was held on the motion, after which the trial court issued its opinion and judgment entry on April 21, 1994, granting partial distribution of the estate assets, directing the executor to transfer the real property of the estate into a trust, and ordering the estate to apportion the taxes in accordance with R.C. 2113.86. The trial court specifically found:

"[T]o the extent that any beneficiary receives an interest from the decedent that is subject to inclusion for tax * * * that beneficiary's interest is subject to the prorata share of the tax liability."

Subsequent to the trial court's opinion and judgment entry dated April 21, 1994, the executor filed a motion essentially seeking an amendment or further direction from the trial court in consideration of R.C. 2113.86(G). Appellant and appellees filed responses to the motion. On October 21, 1994, the trial court issued an additional judgment entry, stating:

"[I]nsofar as it is inconsistent herewith the entry of April 21, 1994 shall be amended and all future interests shall be treated as principal and taxed to the residue."

Ultimately, on August 1, 1995, the executor filed a motion requesting that the trial court approve and direct the apportionment of federal and state estate taxes pursuant to the calculations that had been prepared by an accountant retained by the estate and were attached to the motion. A hearing was held on September 26, 1995, and the trial court issued its judgment entry on October 6, 1995, ordering apportionment of the taxes in accordance with the calculations. On October 31, 1995, appellant filed his notice of appeal from the decision.

Appellant's sole assignment of error on appeal alleges:

"The Carroll County Probate Court erred as a matter of law when after apportioning the estate taxes in accordance with Ohio Revised Code Section 2113.86(A), it failed to reapportion the estate taxes to the residue of the estate as required by Ohio Revised Code Section 2311.86(B)."

R.C. 2113.86(A) states:

"Unless a will or other governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes."

R.C. 2113.86(B) provides:

"Except as otherwise provided in this division, any tax that is apportioned against a gift made in a clause of a will other than a residuary clause or in a provision of an inter vivos trust other than a residuary provision, shall be reapportioned to the residue of the estate or trust. It shall be charged in the same manner as a general administration expense. However, when a portion of the residue of the estate or trust is allowable as a deduction for estate tax purposes, the tax shall be reapportioned to the extent possible to the portion of the residue that is not so allowable."

Items II and III of decedent's will contain specific devises, and Item IV contains a residuary clause. The will does not contain any provision for the apportionment of taxes. Appellant agrees that the trial court properly apportioned the taxes in question in accordance with R.C. 2113.86(A). However, appellant complains that the trial court erred by failing to order that the taxes apportioned against a gift made in a clause of decedent's will other than the residuary clause be reapportioned to the residue of the estate and charged as a general administration expense pursuant to R.C. 2113.86(B).

Appellant cites *Boerstler v. Andrews* (1986), 30 Ohio App.3d 63, 30 OBR 118, 506 N.E.2d 279, wherein the court held at paragraph two of the syllabus:

"Under R.C. 2113.86(B), Ohio estate taxes are first charged to the residuary estate; only if the tax apportioned to the residuary portion exceeds the value of the residue is there apportionment among specific and other nonresiduary bequests."

Appellant argues that pursuant to *Boerstler*, R.C. 2113.86(B) must be applied to determine apportionment of taxes where there are specific devises contained in a will and the taxes must be paid from the residuary estate prior to an apportionment to specific devises. Appellant concludes that the trial court failed to give R.C. 2113.86(B) the proper effect herein and thereby failed to consider the statute in its entirety.

Appellees respond that appellant's argument gives effect only to R.C. 2113.86(B) and renders R.C. 2113.86(A) null and void. Appellees point out that R.C. 2113.86 contains nine divisions and numerous subsections, all of which must be read together as a whole. Appellees contend that the trial court gave effect to the statute in its totality as required and cites the following language set forth in the judgment entry:

"To give effect to both paragraphs, (A) must first be applied. Each gift is reduced by its share of the ultimate tax burden. The payment requires that all gifts are reduced by a prorata share of the tax liability and by reapportioning its payment to the residue, the tax is equally applied to all gifts rather than try to use a graduated schedule."

We agree with appellees that *Boerstler* is distinguishable from the case at bar to the extent that *Boerstler* was determined in accordance with the version of R.C. 2113.86 that was in effect in 1983 and had been amended by the time the within matter was decided.

Appellees cite *In re Estate of Drosos* (1989), 62 Ohio App.3d 295, 575 N.E.2d 495, in which the court interpreted amended R.C. 2113.86. Appellees claim that the facts in *Drosos* are analogous to the case at bar, and just like the trial court in this matter, the appellate court in *Drosos* did not apportion the tax liability against the residuary clause.

Finally, appellees assert that R.C. 2113.86(B) requires that each beneficiary's share of the taxes be added to the residuary estate for payment of the taxes as a whole and that taxes are then paid as a priority debt along with other administration expenses. Appellees conclude that the trial court did not err in its application of R.C. 2113.86.

The facts in *Drosos* are distinguishable from those in the case at bar, as the claimant therein argued that the items which he received from the decedent *inter vivos* were thereby not includable for estate tax purposes. The court in *Drosos* held that since appellant was a "person interested in the estate" for purposes of R.C. 2113.86 and did not demonstrate any statutory exemption, the rule of equitable apportionment applied. The court in *Drosos* did not specifically address the applicability of R.C. 2113.86(B), as it was not relevant therein.

Appellees' interpretation of R.C. 2113.86 renders subsection (B) a nullity. The trial court was required, in accordance with R.C. 2113.86(A), to first apportion the estate taxes equitably among all persons interested in the estate in proportion to the value of the interest each person held as determined for estate tax purposes. This was accomplished. Pursuant to R.C. 2113.86(B), the trial court was *then* to reapportion any tax which was apportioned against a specific devise or inter vivos trust to the residue of the estate and charge them in the same manner as a

general administration expense. This was not accomplished even though the devises contained in Items II and III of the decedent's will were specific and distinguished the particular articles devised from other articles in the estate.

Appellant's sole assignment of error is found to have merit.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.