BURKHOLDER, Admr., Appellee,

v.

HALLER, Appellant.

[Cite as *Burkholder v. Haller* (1998), 127 Ohio App.3d 618.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APF10–1307.

Decided June 2, 1998.

See also, 116 Ohio App.3d 866, 689 N.E.2d 612.

620

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Richard D. Bringardner* and *Jay B. Eggspuehler,* for appellee.

*Andrea R. Yagoda;* and *Mark Sladoje, Jr.,* for appellant.

BOWMAN, Judge.

This case is on appeal to this court for the third time. The relevant facts may be gleaned from this court's opinion in *In re Estate of Haller* (1996), 116 Ohio App.3d 866, 689 N.E.2d 612. See, also, *Haller v. O'Donnell* (Sept. 9, 1993), Franklin App. No. 93AP–216, unreported, 1993 WL 360372.

At issue in the current appeal is the apportionment of estate taxes among the beneficiaries of the estate of Russell Thomas Haller ("Haller"). On December 10, 1993, a letter was sent by the preparer of the federal and Ohio estate tax returns, which included copies of the tax returns, to the attorneys representing the various beneficiaries under the will. The letter detailed the amount of taxes due for both of the returns, including interest, and reflected a total tax liability to the estate of $35,959.35. The letter then determined each beneficiary's percentage of the estate and set forth an estimated amount of estate tax due from each beneficiary based on that percentage. The letter then stated that "each individual [was to] pay the amount commensurate with the benefits which they receive[d] from either estate assets or non-probate assets * * * so that we may * * * pay the estate taxes."

On December 17, 1993, a second letter was sent to the attorney for appellant, Jack R. Haller, and Timothy Haller,[1] stating that payment of the estate taxes had been received from the other beneficiaries but not from appellant and/or Timothy Haller. The letter asked the attorney to "[p]lease advise us as to whether or not we will be receiving payment soon as your client [sic] is [sic] obligated to make contribution for the taxes assessed against the property received."

The attorneys for all of the beneficiaries acknowledged receiving the letters sent to them; however, appellant and Timothy Haller refused to pay the taxes apportioned to them. On February 15, 1994, appellee, Bruce H. Burkholder, Administrator W.W.A. of the Estate of Russell Thomas Haller, made a partial estate tax payment of $20,806.09 with the funds he received from the other beneficiaries.

On July 29, 1994, appellee filed the instant action to establish and determine the apportionment of taxes and to recover the share of taxes. All of the beneficiaries filed answers to the complaint. On March 6, 1995, appellant filed a motion for summary judgment, to which appellee replied. On June 20, 1996, the probate court rendered a decision denying appellant's motion for summary judgment, finding that genuine issues of material fact existed because the language in Haller's will with regard to payment of death taxes was contrary to the position advocated by appellant.

On July 2, 1997, the probate court set a hearing in this case for July 25, 1997. Both parties to this case agree that a hearing was not held on July 25, 1997; rather, the probate judge met informally with counsel for the various parties, listened to arguments, and heard what the tax return preparer's testimony would be if a hearing was held.[2] At the conclusion of the proceedings, the probate court

---

1. Timothy Haller is not a party to this appeal.

2. A transcript of these proceedings was prepared and has been filed with this court.

determined that Haller's will failed to change the statutory apportionment of taxes and that the fiduciary was to charge all appropriate taxes against the beneficiaries' share.

At the end of the proceedings, the probate court signed an entry stating that appellant and Timothy Haller had failed to make application to the court challenging the apportionment of taxes and that they had failed to pay their apportioned share of taxes. Judgment was then entered in favor of appellee and against appellant in the amount of $14,383.74 plus interest from December 30, 1993, and against Timothy Haller in the amount of $898.99 plus interest from December 30, 1993.

On July 30, 1997, appellant filed a request for separate findings of fact and conclusions of law. On August 1, 1997, the trial court ordered counsel for the estate to file with the court proposed findings of fact and conclusions of law within thirty days. Those proposed findings of fact and conclusions of law were then adopted by the probate court on September 5, 1997.

Appellant now brings this appeal, asserting the following assignments of error:

"Assignment of Error No. 1

"The trial court denied appellant due process when it executed an entry apportioning taxes without benefit of a hearing when a hearing had been scheduled and there was no motion for summary judgment pending before the court.

"Assignment of Error No. 2

"The findings of fact and conclusions of law adopted by the court were not supported by the evidence nor informal discussions of counsel.

"Assignment of Error No. 3

"The trial court erred in granting the apportionment proposed by the administrator."

Appellant's first and second assignments of error are related and will be considered together. In these assignments of error, appellant contends that the trial court erred in apportioning taxes in the manner requested by the estate administrator without a hearing where evidence and witnesses could be presented.

The apportionment of taxes is governed by R.C. 2113.87, which provides:

"(A) The fiduciary, or any person interested in the estate who objects to the manner of apportionment of a tax, may apply to the court that has jurisdiction of the estate and request the court to determine the apportionment of the tax. If there are no probate proceedings, the probate court of the county in which the

decedent was domiciled at death, upon application by the fiduciary or any other person interested in the estate who objects to the manner of apportionment of a tax, shall determine the apportionment of the tax.

"(B) The fiduciary may notify any person interested in the estate of the manner of the apportionment of tax determined by the fiduciary. Upon receipt of such a notice, a person interested in the estate, within thirty days after the date of receipt of the notice, may indicate his objection to the manner of apportionment by application to a probate court as described in division (A) of this section. If the person interested in the estate fails to make the application within the thirty-day period, he is bound by the manner of apportionment determined by the fiduciary.

"(C) If a probate court finds that an assessment of penalties and interest assessed with respect to a tax is due to delay caused by the negligence of the fiduciary, the court may charge the fiduciary with the amount of the assessed penalties and interest. In any suit or judicial proceeding to recover from any person interested in the estate the amount of the tax apportioned to that person, the determination of the probate court is conclusive."

■ This court notes initially that there is nothing in R.C. 2113.87 that requires a fiduciary to notify persons interested in the estate of the manner in which the taxes are to be apportioned. Rather, notification is at the discretion of the fiduciary. In this case, however, the fiduciary notified the beneficiaries of the estate of the apportionment of the taxes via letters sent to their respective counsel.

■ Once the notification of the apportionment was received, those persons interested in the estate had thirty days in which to file an objection with the court about the apportionment. The objection filed with the court had to request that the court determine the apportionment of the tax. R.C. 2113.87(B). In this case, although appellant informally complained about the tax apportionment and may have even filed an objection with the fiduciary, no objection about the manner in which the taxes were apportioned was filed with the court, and no request was made by appellant of the court to apportion the taxes.[3] Both an objection and a request are required to be filed with the court, pursuant to R.C. 2113.87, in order to challenge a tax apportionment made by a fiduciary. If no such objection and request are filed, R.C. 2113.87 is self-executing: "If [appellant] fails to make the application within the thirty-day period, he is bound by the manner of apportionment determined by the fiduciary." R.C. 2113.87(B).

---

**3.** There is some suggestion that an objection was made to the estate tax returns in November 1993; however, even if this was the case, such an objection was not timely made, since it precedes the notification letters sent by the fiduciary.

■ Appellant also asserts that he was entitled to a hearing on the tax apportionment. Inasmuch as appellant failed to object, as required by R.C. 2113.87, no hearing was required. Even had appellant objected to the tax apportionment in the manner required by R.C. 2113.87, there is no requirement under the statute that a hearing be held on the objection. Therefore, the fact that the trial court did not hold the hearing that it scheduled is harmless error, since no hearing was required to be held.

■ Appellant contends that the court erred in its findings of fact by stating that the parties stipulated to receiving notice from the fiduciary as to the manner of apportionment of the estate taxes. In appellee's action establishing apportionment of the taxes, he alleged in paragraph five that notice was sent to the beneficiaries including appellant and incorporated by reference two letters addressed to appellant's counsel dated December 10, 1993, and December 17, 1993. In paragraph six of his answer, appellant admits receiving the letters. Thus, while the trial court's use of the term "stipulation" may have been erroneous, the error was harmless in light of appellant's admission.

This court notes that R.C. 2113.87 is vague as to its requirements. There is no requirement that a fiduciary notify interested persons about a tax apportionment; there is no requirement that an apportionment action be filed; there is no specific manner for an interested person to object to the tax apportionment; and there is no requirement that a hearing on the objection be held. The only specific requirement provided in the statute is that the objection to the tax apportionment must be filed with the court in some form and a request must be made of the court to determine the apportionment of the tax. Failure to object in the manner provided under the statute renders the fiduciary's tax apportionment determination final. Therefore, appellant's informal objections to the fiduciary or the attorney for the fiduciary did not meet the statutory requirements for an objection as to the manner of apportionment of the taxes and the fiduciary's manner of apportionment was final. Appellant's first and second assignments of error are overruled.

In his third assignment of error, appellant asserts that Haller's will clearly provided that all the taxes were to be paid out of the residue of the estate, and, thus, the taxes should not have been apportioned among the beneficiaries. Although our resolution of the first and second assignments of error renders the issue moot, given the litigious nature of the parties to these proceedings, we will nonetheless address it.

R.C. 2113.86 governs the apportionment of estate taxes among interested

persons[4] and provides:

"(A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes."

Under R.C. 2113.86(B), taxes are first apportioned against the residuary estate; however, if the tax apportioned to the residuary estate exceeds the value of the residue, then the tax is apportioned among specific and other nonresiduary bequests. *Boerstler v. Andrews* (1986), 30 Ohio App.3d 63, 506 N.E.2d 279. If a testator wants the taxes to be paid in a manner different from the apportionment method set forth in R.C. 2113.86, then that intent must be clearly, specifically and unambiguously expressed. *In re Estate of Drosos* (1989), 62 Ohio App.3d 295, 575 N.E.2d 495. See, also, *In re Estate of Gatch* (1950), 153 Ohio St. 401, 92 N.E.2d 404.

Haller's will provides:

"ARTICLE IV

"EXPENSES AND DEATH TAXES

"I direct my Executor to pay out of my residuary estate the following:

"Section 1. The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

"Section 2. If necessary, reasonable funeral expenses, including the cost if any of a suitable marker for my grave, without the necessity of an order of court approving said funeral expense.

"I further direct my Executor to charge against the share of any devisee, legatee or beneficiary all Federal estate taxes, inheritance taxes and all other governmental charges imposed by reason of my death."

This court finds that Haller's will does not clearly, specifically, and unambiguously alter the apportionment of taxes as set forth in R.C. 2113.86. In fact, the will directs the fiduciary to charge estate taxes against a beneficiary's share of Haller's estate, in a manner similar to that required by the statute. Only the items listed in Article IV, Sections 1 and 2, are to be paid from the residuary estate.

---

4. "Person interested in the estate" is defined in R.C. 2113.85(B) as "any person who is entitled to receive, or who has received, any property or property interest included in the decedent's estate."

Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and REILLY, JJ., concur.

ARCHER REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.