Plaintiff-appellant (sister) appeals the trial court's granting of summary judgment in favor of defendants-appellees (brother).[1]
Appellant and appellee are the surviving children and co-executors of their mother Goldie Sable's (mother) estate. Mother's will gave equal gifts to her five grandchildren and left the remainder of her property to the two children in equal parts. Over the course of her lifetime, mother also had given gifts of money to her children and grandchildren, using her unified tax credits and leaving an increased federal tax liability for her estate. Sister now claims that these inter vivos gifts should be included in the corpus of the estate for the purpose of calculating federal estate taxes. She alleges that because brother and his children received more money in gifts during mother's lifetime that they will be unfairly enriched if she has to pay the same portion of the estate taxes as they do. Brother counters that the will clearly states that the estate taxes are to be paid out of the residuary estate, which brother and sister share equally.
Appellant states three assignments of error.[2] Because all three assignments of error are interrelated, we will address them together. Appellant's assignments of error are as follows:
 I. THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT FOR THE DEFENDANTS.
 II. THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE DEFENDANTS' MOTION TO DISMISS.
 III. THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO INTERPRET AND APPLY THE OHIO APPORTIONMENT STATUTE, 2133.86(A) ORC AND THE RELEVANT CASE LAW TO PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT.
Appellant argues that by refusing to order apportionment of the federal estate taxes, the court failed to apply R.C. 2133.86 properly and therefore erred by granting brother's motion for summary judgment/motion to dismiss. R.C. 2133.86(A) states
 (A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes.
Mother's will states in section five All estate taxes, inheritance taxes, transfer taxes and other taxes of a similar nature payable by reason of my death to any government or subdivision thereof upon or with respect to any property subject to any such tax, and any penalties thereon, shall be paid by my executor out of the principal of that portion of my estate disposed of by ARTICLE TWO of this will, and all interest with respect to any such taxes shall be paid by the executor out of the income or principal or partly out of income and partly out of principal of such portion of my estate, in the absolute discretion of the executor, without reimbursement or apportionment among the beneficiaries, recipients or owners of such property for any such taxes, penalties or interest.
The will clearly states that all taxes are to be paid out of the residual estate as described in section two of the will. The statute applies only [u]nless a will or other governing instrument provides otherwise. Because the will clearly states that the taxes are to be paid out of the residual estate, the statute does not apply to the settlement of this estate.
Appellant mistakenly relies on case law which is not applicable to this case. Appellant relies on Matthews v. Swallen (Oct. 25, 1995), Hamilton App. No. C940443, unreported, 1995 WL 621305, to support her allegation that because the will is not clear and unambiguous regarding the payment of taxes, the statute applies. Matthews differs from the instant case, however, in that the will in Matthews gave the discretion to determine the manner of apportioning taxes to the executor. In mother's will, that discretion is not given to the executor; in fact, the will specifically instructs the executors not to apportion the taxes among the beneficiaries. Rather, the taxes are the sole responsibility of the beneficiaries of the residual estate. Matthews is helpful only to highlight by contrast the lack of ambiguity in the case at bar.
Appellant also relies on In re Estate of Finke (1987), 31 Ohio St.3d 1, for the proposition that federal estate taxes are applicable to inter vivos gifts and should be apportioned accordingly. Finke would apply, however, only if the apportionment statute were applicable, but we have already determined it is not.
Because mother's will is clear and unambiguous, neither R.C. 2113.86
nor the case law cited by appellant is applicable to the case at hand. The trial court, therefore, properly granted summary judgment to appellee.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Probate Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, A.J.:
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] Because brother and his family represent the same interest, we will refer to all the appellees in the singular.
[2] Appellant fails to include a statement of the issues in his brief as required by App.R. 16(A)(4) as well as a statement of the case as required by App.R. 16(A)(5).